Affirmed and Majority and Concurring Opinions filed August 10, 2004









Affirmed and Majority and Concurring Opinions filed
August 10, 2004.

 

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01111-CV

____________

 

JOSEPH DIXON D/B/A
DIXON CONCRETE CONTRACTORS, Appellant

 

V.

 

SHELTON R.
MODELIST,
Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 758,220

 



 

C O N C U R R I N G   O P I N I O N

I respectfully concur in the court=s judgment.

Damages








Appellant Joseph Dixon asserts that the trial court erred in
denying his motion for judgment notwithstanding the verdict because appellee
Shelton R. Modelist did not Aprove an essential element of an action for breach of
contract: to-wit: [sic] that he sustained damages, as a result of Dixon=s failure to comply with the
agreement. . . .@  To reject this
asserted error this court need not address whether the recovery of past damages
is a prerequisite for the recovery of future damages in a contract case.  

There was evidence before the jury that Dixon=s failure to comply with his
agreement to construct the driveway with proper drainage resulted in damages to
Modelist based on a bid that Modelist received as to how much it would cost him
in the future to repair the improper drainage in the driveway.  The jury found that Dixon had failed to
comply with his agreement to construct the driveway with proper drainage and
that $9,700, if paid now in cash, would fairly and reasonably compensate Modelist
for his damages that resulted from such failure to comply.  Although the jury did find that the $9,700,
in reasonable probability, would be sustained in the future, it did so in the
context of an instruction that the jury consider as an element of possible
damages A[t]he reasonable and necessary cost
to remove and replace the driveway, or otherwise repair the improper drainage
in the driveway.@ At the time of trial Modelist had not yet incurred any cost
regarding the repair of the driveway. 
Therefore, the jury=s finding that Modelist would sustain in the future an
expense of $9,700 reflects the reality that Modelist had not yet incurred this
cost and does not conflict with the jury=s finding that this amount
constitutes damages that resulted from Dixon=s failure to comply.  In sum, given both the damage evidence at
trial and the jury=s findings based on that evidence, Modelist proved he had
sustained damages as a result of Dixon=s failure to comply with the
agreement.  Therefore, Dixon=s assertion of error lacks merit.

                                                                Attorney=s Fees








Though not mentioned by
the majority, in his appellate brief Dixon seeks an award of attorney=s fees for his defense of Modelist=s contract claims.  Dixon cites no rule or statute that he claims
entitles him to such an award.  Texas law
provides that, as long as certain requirements are satisfied, a party that is
awarded damages under a breach-of-contract claim may also recover its
reasonable attorney=s fees from the liable party.  See Tex.
Civ. Prac. & Rem. Code ''38.001, 38.002.  Texas law does not provide that a party found
liable for damages under its contract may recover from the successful claimant
attorney=s fees for the unsuccessful defense
of the contract claim.  See id.

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered and Majority and Concurring Opinions
filed August 10, 2004.

Panel consists of Chief Justice Hedges and Justices
Frost and Guzman. (Hedges, C.J., majority.)